R. Jeremy Adamson (12818)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801)994-4646
*jadamson@kba.law*
*tsmith@kba.law*

*Attorneys for Plaintiff and*
*Counter-Defendant*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NURSA, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>OXFORD VALLEY HEALTH, LLC, a New Jersey limited liability company,<br><br>        Defendant. | **ANSWER TO COUNTERCLAIM**<br><br>Civil Case No. 2:24-cv-00052-AMA-DBP<br><br>Honorable Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |
| OXFORD VALLEY HEALTH, LLC, a New Jersey limited liability company, individually and as a representative on behalf of other similarly situated persons,<br><br>        Counter-Plaintiff,<br><br>v.<br><br>NURSA, INC., a Delaware corporation,<br><br>        Counter-Defendant. | |

Plaintiff and Counterclaim Defendant Nursa, Inc. ("**Nursa**"), by and through its counsel of record, hereby answers the allegations of Defendant and Counterclaimant Oxford Valley Health, LLC's ("**Oxford**") Class Action Counterclaim [ECF No. 13], ("**Counterclaim**") as follows:

## PARTIES

1.      Nursa admits the allegations set forth in paragraph 1 of the Counterclaim.

2.      Nursa denies the allegations set forth in paragraph 2 of the Counterclaim. Nursa is a Delaware corporation with its principal place of business in Utah, as stated in its Supplemental Corporate Disclosure Statement [ECF No. 38].

## JURISDICTION AND VENUE

3.      The question of whether this Court has jurisdiction over this action is a legal question and, as a result, no response is necessary to the allegations of paragraph 3 of the Counterclaim. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 3 of the Counterclaim generally, but agrees that this Court has jurisdiction over the claims at issue.

4.      The question of whether venue is proper in this Court is a legal question and, as a result, no response is necessary to the allegations of paragraph 4 of the Counterclaim. To the extent that a response is required, Nursa agrees that venue is proper in this Court.

## GENERAL ALLEGATIONS

*Nursa's intake process, 48-hour verification requirement, and overbilling practices*

5.      Nursa lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Counterclaim and on that basis denies the same.

6.      Nursa admits the allegations set forth in paragraph 6 of the Counterclaim.

7.      Nursa admits the allegations set forth in paragraph 7 of the Counterclaim.

8.      Nursa admits the allegations set forth in paragraph 8 of the Counterclaim.

9.      Nursa admits the allegations set forth in paragraph 9 of the Counterclaim.

10.     Nursa admits the allegations set forth in paragraph 10 of the Counterclaim.

11.     Nursa admits the allegations set forth in paragraph 11 of the Counterclaim.

12.     Nursa admits that shift reports must be manually verified within 48 business hours of the shift—as demonstrated in § 9(a) of the Agreement. Nursa denies all remaining allegations set forth in paragraph 12 of the Counterclaim.

13.     Nursa denies the allegations set forth in paragraph 13 of the Counterclaim.

14.     Nursa admits the allegations set forth in paragraph 14 of the Counterclaim.

15.     Nursa admits the allegations set forth in paragraph 15 of the Counterclaim.

16.     Nursa admits that errors in invoices must be contested within 30 days of the service date—as demonstrated in §9(d) of the Agreement. Nursa denies all remaining allegations set forth in paragraph 16 of the Counterclaim.

17.     Nursa admits the allegations set forth in paragraph 17 of the Counterclaim.

### *Nursa's widespread overbilling on the Oxford facilities*

18.     Nursa admits the allegations set forth in paragraph 18 of the Counterclaim.

19.     Nursa admits the allegations set forth in paragraph 19 of the Counterclaim.

20.     Nursa admits the allegations set forth in paragraph 20 of the Counterclaim.

21.     Nursa admits the allegations set forth in paragraph 21 of the Counterclaim.

22.     Nursa admits that in August 2023, Nursa sent a demand to Oxford to recoup an unpaid principal balance of $4,221,488.99 and $440,134.46 in accrued late fees, for a total amount of §4,661,583.45. Otherwise, Nursa denies the allegations set forth in paragraph 22 of the Counterclaim.

23.     Nursa lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Counterclaim and on that basis denies the same.

24.     Nursa lacks information sufficient to form a belief as to the truth of the allegations

set forth in paragraph 24 of the Counterclaim and on that basis denies the same.

25.    Nursa lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Counterclaim and on that basis denies the same.

26.    Nursa denies the allegations set forth in paragraph 26 of the Counterclaim.

27.    Nursa denies the allegations set forth in paragraph 27 of the Counterclaim.

28.    Nursa denies the allegations set forth in paragraph 28 of the Counterclaim.

29.    Nursa denies the allegations set forth in paragraph 29 of the Counterclaim.

30.    Nursa denies the allegations set forth in paragraph 30 of the Counterclaim.

31.    Nursa denies the allegations set forth in paragraph 31 of the Counterclaim.

32.    Nursa denies the allegations set forth in paragraph 32 of the Counterclaim.

33.    Nursa denies the allegations set forth in paragraph 33 of the Counterclaim.

34.    Nursa admits it relied on the 48-business-hour audit provision under § 9(a) of the Agreement for all auto-verified shifts. Nursa denies all remaining allegations set forth in paragraph 34 of the Counterclaim.

35.    Nursa denies the allegations set forth in paragraph 35 of the Counterclaim.

36.    Nursa denies the allegations set forth in paragraph 36 of the Counterclaim.

37.    Nursa denies the allegations set forth in paragraph 37 of the Counterclaim.

38.    Nursa denies the allegations set forth in paragraph 38 of the Counterclaim.

39.    Nursa denies the allegations set forth in paragraph 39 of the Counterclaim.

40.    Nursa denies the allegations set forth in paragraph 40 of the Counterclaim.

41.    Nursa denies the allegations set forth in paragraph 41 of the Counterclaim.

42.    Nursa denies the allegations set forth in paragraph 42 of the Counterclaim.

43.    Nursa denies the allegations set forth in paragraph 43 of the Counterclaim.

44.     Nursa denies the allegations set forth in paragraph 44 of the Counterclaim.

45.     Nursa lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Counterclaim and on that basis denies the same.

## CLASS ACTION ALLEGATIONS

### A.     The Definition of the Proposed Class.

46.     The question of what constitutes a "Class" is a legal question and, as a result, no response is necessary to the allegations of paragraph 46 of the Counterclaim. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 46 of the Counterclaim.

47.     The question of what constitutes a "Class Period" is a legal question and, as a result, no response is necessary to the allegations of paragraph 47 of the Counterclaim. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 47 of the Counterclaim.

48.     The question of whether an amendment is procedurally proper is a legal question and, as a result, no response is necessary to the allegations of paragraph 48 of the Counterclaim. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 48 of the Counterclaim.

### B.     Numerosity: The Size of the Proposed Class.

49.     Nursa denies the allegations set forth in paragraph 49 of the Counterclaim.

50.     Nursa denies the allegations set forth in paragraph 50 of the Counterclaim.

### C.     The Adequacy of Representation by the Class Representative and the Rule 23(b)(3) Factors.

51.     Nursa denies the allegations set forth in paragraph 51 of the Counterclaim.

52.     Nursa denies the allegations set forth in paragraph 52 of the Counterclaim.

53.     Nursa lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Counterclaim and on that basis denies the same.

54.     Nursa denies the allegations set forth in paragraph 54 of the Counterclaim.

55.     Nursa denies the allegations set forth in paragraph 55 of the Counterclaim.

56.     Nursa denies the allegations set forth in paragraph 56 of the Counterclaim.

57.     Nursa denies the allegations set forth in paragraph 57 of the Counterclaim.

**D.      Commonality & Predominance: The Common Questions of Law and Fact.**

58.     The question of what constitutes "common questions of law and fact" is a legal question and, as a result, no response is necessary to the allegations of paragraph 58 of the Counterclaim or its subparts. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 58 of the Counterclaim, including each of its subparts *a–j*.

**E.      The Typicality of Claims or Defenses of the Class Representative.**

59.     The question of what constitutes "typicality" is a legal question and, as a result, no response is necessary to the allegations of paragraph 59 of the Counterclaim or its subparts. To the extent that a response is required, Nursa denies the allegations set forth in paragraph 59.

**F.      The Nature of the Notice to the Proposed Class.**

60.     Nursa denies the allegations set forth in paragraph 60 of the Counterclaim.

## FIRST CAUSE OF ACTION
### Breach of Agreement

61.     Nursa incorporates all of its preceding responses to paragraphs 1 through 60 of the Counterclaim as if fully set forth herein.

62.     Nursa admits the allegations set forth in paragraph 62 of the Counterclaim.

63.     Nursa denies the allegations set forth in paragraph 63 of the Counterclaim.

64.     Nursa denies the allegations set forth in paragraph 64 of the Counterclaim.

65.    Nursa denies the allegations set forth in paragraph 65 of the Counterclaim.

## SECOND CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fear Dealing – Agreement**

66.    Nursa incorporates all of its preceding responses to paragraphs 1 through 65 of the Counterclaim as if fully set forth herein.

67.    The question of whether the implied covenant of good faith and fair dealing inheres in every contract is a legal question and, as a result, no response is necessary to the allegations of paragraph 67 of the Counterclaim.

68.    Nursa admits the allegations set forth in paragraph 68 of the Counterclaim.

69.    Nursa denies the allegations set forth in paragraph 69 of the Counterclaim.

70.    Nursa denies the allegations set forth in paragraph 70 of the Counterclaim.

71.    Nursa denies the allegations set forth in paragraph 71 of the Counterclaim.

72.    Nursa denies the allegations set forth in paragraph 72 of the Counterclaim.

73.    Nursa denies the allegations set forth in paragraph 73 of the Counterclaim.

## THIRD CAUSE OF ACTION
**Unjust Enrichment**

74.    Nursa incorporates all of its preceding responses to paragraphs 1 through 73 of the Counterclaim as if fully set forth herein.

75.    Nursa denies the allegations set forth in paragraph 75 of the Counterclaim.

76.    Nursa denies the allegations set forth in paragraph 76 of the Counterclaim.

77.    Nursa denies the allegations set forth in paragraph 77 of the Counterclaim.

78.    Nursa denies the allegations set forth in paragraph 78 of the Counterclaim.

79.    Nursa denies the allegations set forth in paragraph 79 of the Counterclaim.

80.    Nursa denies the allegations set forth in paragraph 80 of the Counterclaim.

81.     Nursa denies the allegations set forth in paragraph 81 of the Counterclaim.

## DEMAND FOR RELIEF

Nusra denies that Oxford is entitled to any of the relief requested by Oxford, or to any other relief, in any form whatsoever, and prays for judgment against Oxford as follows:

1.  For dismissal with prejudice of an Order certifying the Class and appointing Oxford as Class Representatives and Oxford's counsel as Class counsel;

2.  For dismissal with prejudice of all of Oxford's claims against Nursa;

3.  For costs incurred in defending against the Counterclaim; and

4.  For all other such additional relief as the Court deems just, proper, and/or equitable.

## GENERAL DENIAL

Nursa generally denies any allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting the allegations set forth in the Counterclaim, Nursa alleges and asserts the following defenses, affirmative or otherwise, without assuming the burden of proof that it would not otherwise have. In addition to the defenses described below and subject to its responses above, Nursa expressly reserves the right to amend its Answer to the Counterclaim and allege additional defenses, affirmative or otherwise, as additional information becomes available and/or is discovered through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages or injuries, if any, suffered by Oxford is attributed solely to Oxford's own conduct, deeds, word, and/or omissions and not any conduct, deeds, works, and/or omissions of

Nursa.

### THIRD AFFIRMATIVE DEFENSE

Oxford has not been damaged in any amount or by reason of any act alleged against Nursa in the Counterclaim, rendering any breach, if any, immaterial and therefore the relief demanded in the Counterclaim cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE

Each of the purported claims alleged in the Counterclaim are barred in whole or in part, because Oxford failed to mitigate or attempt to mitigate its alleged damages, if in fact any damages have been sustained; therefore any cause of action alleged by Oxford must be dismissed or barred.

### FIFTH AFFIRMATIVE DEFENSE

Oxford's Counterclaim is barred because Oxford would be unjustly enriched.

### SIXTH AFFIRMATIVE DEFENSE

Oxford materially breached the agreement between it and Nursa prior to incurring the alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Oxford's claims are barred, in whole or in part, by Oxford's unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Oxford's claims are barred by its own tortious acts, fraud, or illegal conduct.

### NINTH AFFIRMATIVE DEFENSE

Oxford is barred from obtaining relief because Nursa's conduct at all times was reasonable, proper, and in good faith and Nursa did not directly or indirectly undertake any action in violation of the law.

## TENTH AFFIRMATIVE DEFENSE

Oxford's Counterclaim is barred in whole or in part because of the bad faith of Oxford or of person whose actions or omissions may be imputed to Oxford.

## ELEVENTH AFFIRMATIVE DEFENSE

Oxford's Counterclaim is barred by the doctrine of laches, waiver, and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged claims of Oxford's Counterclaim are barred because any recovery by Oxford would result in a windfall to Oxford at the expense of Nursa.

## THIRTEENTH AFFIRMATIVE DEFENSE

Oxford's proposed class does not meet the requisite criteria to satisfy the requirements of a class-action lawsuit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Oxford's proposed class lacks the requisite numerosity to satisfy the requirements of a class-action lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

Oxford's allegations lack the requisite commonalities to satisfy the requirements of a class-action lawsuit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Oxford lacks the requisite typicality to satisfy the requirements of a class-action lawsuit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The App provides net benefits for the purported class.

## **RESERVATION OF AFFIRMATIVE AND OTHER DEFENSES**

Nursa reserves the right to raise any and all additional defenses that are not currently raised but may be discovered during the course of this action. Nursa further reserves the right to

plead the foregoing or any additional future affirmative defenses as additional causes of action.

## **PRAYER FOR RELIEF**

Nursa requests that the Counterclaim be dismissed with prejudice; that Oxford be denied any and all of its requested relief, that Nursa be awarded all attorney fees and costs incurred in prosecuting and defending this action, and that Nursa be awarded such other and additional relief as this Court may deem just, equitable, or proper.

Dated: November 4, 2024.

**KUNZLER BEAN & ADAMSON, PC**

*/s/ R. Jeremy Adamson*
R. Jeremy Adamson
Taylor Smith

*Attorneys for Plaintiff and Counter-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November 2024, I filed a true and correct copy of the foregoing **ANSWER TO COUNTERCLAIM** and served it via the Court's electronic filing system on all parties.

/s/Andrea Coats
Andrea Coats
*Paralegal*